```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLOBAL CROSSING BANDWIDTH, INC.,

                          Plaintiff,            06-CV-6415T
                                                **DECISION**
                   v.                           **and ORDER**

PNG TELECOMMUNICATIONS, INC.,

                          Defendant.
_____
```

INTRODUCTION

Plaintiff Global Crossing Bandwidth, Inc., ("Global Crossing") brings this action pursuant to diversity jurisdiction alleging that the defendant PNG Telecommunications, Inc., ("PNG") breached a contract entered into by the parties, reneged on a promise, and made intentional or innocent misrepresentations upon which plaintiff relied to its detriment. Specifically, Global Crossing contends that PNG breached an agreement to purchase certain telecommunications services for three years by discontinuing those services after only one year. Plaintiff also alleges that PNG failed to honor a non-contractual obligation to retain services for three years, and made misrepresentations with respect to its intention to retain plaintiff's services. Plaintiff seeks damages and a declaratory judgment that PNG is obligated to pay certain amounts that plaintiff alleges are owing, as well as other damages.

PNG denies plaintiff's allegations, and moves to dismiss three of the four counts of the Complaint. Specifically, PNG moves to dismiss plaintiff's claim of breach of contract on grounds that

Global Crossing has failed to allege all requisite elements of a breach of contract claim. PNG also seeks dismissal of plaintiff's promissory estoppel claim on grounds that because the parties are parties to a contract, there is no basis for a claim under a theory of promissory estoppel. Finally, defendant moves to dismiss plaintiff's allegations of misrepresentation on grounds that they fail to state a claim, or are duplicative of the plaintiff's contract claims. Plaintiff opposes defendant's motion to dismiss, and cross-moves for summary judgment with respect to its breach of contract claim.

For the reasons set forth below, I grant defendant's motion to dismiss Counts One and Three of the Complaint without prejudice, deny defendant's motion to dismiss Count Two of the Complaint, and deny plaintiff's motion without prejudice as moot.

BACKGROUND

In 1998, plaintiff Global Crossing and defendant PNG entered into a Carrier Services Switchless Agreement ("CSSA") under which PNG agreed to purchase various commercial voice communications services from Global Crossing. The CSSA was amended on several occasions over the years, and in June, 2003, the parties entered into Amendment No. 10 (the "Amendment"). Under this Amendment, PNG undertook to purchase data communications services from Global Crossing, including "wavelength" services.

In November, 2004, PNG discontinued its wavelength service on grounds that its data service was not as profitable as had been hoped. Global Crossing objected to PNG's discontinuance of the wavelength service on grounds that Amendment 10 required PNG to retain the service for a minimum of three years. Global Crossing alleges that it provided discounted rates to PNG in consideration of the three-year duration of the contract. PNG contends that it was free to cancel the wavelength service at any time. Global Crossing seeks in excess of $2,734,360 in damages as a result of PNG's alleged breach of contact.

DISCUSSION

I.  Defendants' Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

> II. Plaintiff has failed to State a Cause of Action with respect to its claims for Breach of Contract and Misrepresentation
>
> A.   Breach of Contract

"To make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2nd Cir. 2004)(quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir.1996).

In the instant case, plaintiff has alleged that the parties entered into a contract (Complaint at ¶ 5), that PNG breached the contract (Complaint at ¶ 12), and that Global Crossing has been damaged as a result of the breach (Complaint at ¶ 13). Global Crossing has failed, however, to allege that it adequately performed under the contract. While failure to plead this element of a cause of action may be a technical defect, it is nonetheless a defect, and accordingly defendant's motion to dismiss this cause of action is granted. In light of the liberal re-pleading rules of the Federal Rules of Civil Procedure, however, Count I of the Complaint is dismissed without prejudice to re-plead and cure any defect in the original Complaint.

B.  <u>Misrepresentation</u>

Plaintiff alleges that PNG made intentional or innocent misrepresentations with respect to its intention to maintain Global Crossing's wavelength services for a minimum of three years. To state a claim for negligent misrepresentation, a plaintiff must establish that the defendant made a misrepresentation and: "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." <u>Engler v. Cendant Corp.</u>, 434 F.Supp.2d 119, 132 (E.D.N.Y., 2006) (quoting <u>Parrott v. Coopers & Lybrand, L.L.P.</u>, 95 N.Y.2d 479, 484 (2000). To state a claim for fraudulent or intentional misrepresentation, the plaintiff must establish that: "(1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as a result of such reliance. <u>Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.</u>, 157 F.3d 933, 940 (2nd Cir. 1998). Although a cause of action for innocent misrepresentation is distinct from a cause of action for intentional or negligent misrepresentation, the remedy available for innocent misrepresentation is recision of the contract, or restitution, but the plaintiff may not recover

damages. Lassiter v. Rellstab Associates, 146 N.Y.S.2d 263, 264 (N.Y.A.D. 2nd Dept. 1955).

Under New York law, a breach of contract will not give rise to a tort claim absent an independent duty owed by the allegedly breaching party that arises separately from the contract itself. Agency Development, Inc. v. MedAmerica Ins. Co. of New York, 327 F.Supp.2d 199, 206 (W.D.N.Y., 2004)(Larimer, J.)("a simple breach of contract may not be transformed into a tort unless a legal duty independent of the contract itself has been violated.")(quoting Fleet Bank of New York v. Douglas-Guardian Warehouse Corp., 229 A.D.2d 962, 962, 645 N.Y.S.2d 384 (4th Dep't 1996). In the instant case, the alleged misrepresentations set forth in Count Three of the Complaint relate to duties owed pursuant to the CSSA and/or Amendment 10, and therefore, may not stand as independent torts. Accordingly, I grant defendant's motion to dismiss Count Three of the Complaint without prejudice.

   III. Promissory Estoppel

Global Crossing alleges that PNG promised to continue wavelength service for a minimum of three years, that Global Crossing relied to on PNG's alleged promise, and that it suffered damages as a result of PNG's decision to discontinue wavelength services. To state a claim under the theory of promissory estoppel, a plaintiff must demonstrate that the defendant made a clear and unambiguous promise, that the plaintiff reasonably relied

on that promise, and that the plaintiff was injured as a result of his reliance on the promise. <u>Kaye v. Grossman</u>, 202 F.3d 611, 615 (2nd Cir. 2000). The doctrine of promissory estoppel is a "narrow doctrine" which generally applies only where there is no written contract, or where the parties' written contract is unenforceable for some reason. <u>DDCLAB Ltd. v. E.I. Du Pont de Nemours and Company</u>, 2005 WL 425495 at *6 (S.D.N.Y. Feb. 18, 2005). In the instant case, although the plaintiff has alleged the existence of a contractual relationship which would preclude plaintiff from proceeding under a theory of promissory estoppel, because such a cause of action may be pursued in the event that the asserted contract is unenforceable, the court cannot, at this stage, dismiss plaintiff's cause of action for promissory estoppel. Accordingly I deny defendant's motion to dismiss Count Two of plaintiff's Complaint.

    IV.  <u>Plaintiff's Motion for Summary Judgment</u>

Because plaintiff's cause of action for breach of contract is dismissed without prejudice, plaintiff's motion for summary judgment on grounds that defendant breached the CSSA and/or Amendment 10 to the CSSA is denied without prejudice.

<u>CONCLUSION</u>

For the reasons set forth above, defendant's motion to dismiss Counts One and Three of the Complaint is granted without prejudice. Because no answer has yet been filed, plaintiff shall have 20 days

from the date of this Decision and Order to file an Amended Complaint.  Defendant's motion to dismiss Count Two of the Complaint is denied, and plaintiff's motion for summary judgment is denied without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
       MICHAEL A. TELESCA
   United States District Judge

Dated:   Rochester, New York
         January 22, 2007